TOWN OF KEARNY AND SAMUEL MARSHALL, PROSECUTORS, v. FRANK L. CLEARY, JUDGE HUDSON CIRCUIT COURT, ET AL., RESPONDENTS.

Argued January 19, 1928—Decided May 3, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutors, *Robert Carey, John H. Cooper* and *Harry Lane.*

For the respondents, *Thomas E. Fitzsimmons.*

PER CURIAM.

This writ brings up for review an order of the judge of the Hudson Circuit Court, correcting assessments for local improvements in the town of Kearny upon appeal to that court under the Home Rule act (chapter 152 of the laws of 1917), and particularly under the amendment of that act. *Pamph. L. 1925, p. 233, § 42.*

The order under review affects about one hundred lots out of a total of some three hundred and eighty lots assessed and in each instance reduces the amount of the assessment as made by the commissioners of assessment and confirmed by the council of the town of Kearny.

There is no question but that the proceedings upon assessment, confirmation and appeal to Circuit Court are valid and regular, nor is there any question but that *certiorari* is the proper procedure to review the order of the Circuit Court.

We are asked to reverse and set aside the order under review upon the ground that the weight and conclusiveness of the proof before the judge of the Circuit Court are not such as to warrant the order made by him.

These proofs are before us and amount to over three hundred printed pages.

The question before the Circuit Court under section 42 of the amendment of the Home Rule act, *supra,* was: "Said court shall have power to prescribe rules to regulate the practice in taking and conduct of such appeals, and on the hearing thereof said court shall determine whether or not the assessment for benefits * * * appealed from upon * * * any parcel of land and real estate is a just and fair assessment * * * and if not, shall make an order correcting the same, or if the assessment * * * is sustained shall so order."

Now, in reviewing these proofs we are called upon to say whether or not the Circuit Court judge erred in this con-

clusion that its weight was satisfying that the assessments as made and confirmed were not just and fair. Our examination and consideration of these proofs do not satisfy us that the Circuit Court judge was in error in the conclusions that he reached therefrom or that after such an extensive and exhaustive inquiry and investigation this court is warranted in setting aside the order under review upon these grounds. *Hoboken* v. *Greenberg et al., 2 N. J. Mis. R.* 505; *affirmed, 101 N. J. L.* 406.

It is admitted that appeals were not taken with respect to lot 2, block 95 B, and lot 44, block 95 B, both of which are therefore improperly in the order under review and for that purpose the order under review must be sent back to the Circuit Court judge for correction.

It is also complained of that the order does not direct that a certified copy thereof be served upon the tax collector and clerk of the municipality as required by section 42 of the Home Rule act, *supra.* The order in quetsion is lacking in such respect but such omission is not fatal if the order is otherwise valid and justified. This also requires the sending back to the Circuit Court judge of the order for the purpose of amendment and correction in this particular.

For the purpose of correction and amendment in the manner herein indicated the order under review is sent back to the Circuit Court judge, and upon the merits it is affirmed and the writ of *certiorari* is dismissed.